IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01632-LTB-MEH

JANA CHRISTENSEN,

        Plaintiff,

v.

UNITED RESOURCE SYSTEMS, INC.,

        Defendant.
_____

ORDER
_____

      This case is before me on Plaintiff's Renewed Motion for Relief under Federal Rule of Civil Procedure 60(b)(6) or, alternatively, to Amend Under Federal Rule of Civil Procedure 59(e) [Doc # 11]. By this motion, Plaintiff requests that I vacate my Order dated March 5, 2008 whereby I dismissed the action with prejudice on the basis that Plaintiff was not the real party in interest to pursue claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 - 1692p, as a result of her Chapter 7 bankruptcy filing. Alternatively, Plaintiff requests that I amend my March 5, 2008 Order to reflect that Plaintiff's claims are dismissed without prejudice.

      On March 13, 2008, Plaintiff filed her first motion for relief under Rules 60(b)(6) and 59(e) on the basis that the bankruptcy trustee had elected to abandon his interest in her claims. In response, Defendant pointed out that the bankruptcy trustee had merely proposed the abandonment of Plaintiff's claims and that the abandonment was therefore not complete. Based on the procedural posture of the bankruptcy case, I denied Plaintiff's motion without prejudice.

      By Plaintiff's renewed motion, she argues that the bankruptcy trustee's abandonment of her claims is now complete because no objections to the notice of proposed abandonment were

filed by the April 7, 2008 deadline. Defendant does not dispute that Plaintiff is now the real party in interest with respect to her FDCPA claims but argues that her motion should nonetheless be denied on the basis that it is untimely. More specifically, with respect to Plaintiff's request for relief under Rule 60(b)(6) based on changed circumstances, Defendant argues that Plaintiff's motion is untimely because it was filed more than two months after the bankruptcy trustee abandoned her claims. With respect to Plaintiff's request for relief under Rule 59(e), Defendant argues that Plaintiff's motion is untimely because it was filed more than ten days after the Court's April 3, 2008 Order denying Plaintiff's original motion for relief under Rules 59(e) and 60(b)(6).

Rule 60(b)(1)-(5) provides that a party may be relieved from a final judgment or order on five specific grounds. Rule 60(b)(6) provides that a party may also be relieved from a final judgment or order for "any other reason that justifies relief." Rule 60(c) does not set forth a specific deadline for motions seeking relief from a final judgment or order under Rule 60(b)(6) but provides that such motions "must be made within a reasonable time." In determining whether a motion under Rule 60(b)(6) was filed within a reasonable time, I take into consideration "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Mullin v. High Mountain,* 182 Fed. Appx. 830, 833, 2006 WL 1520187 (10th Cir. June 2, 2006) (*quoting Ashford v. Stewart,* 657 F.2d 1053, 1055 (9th Cir. 1981)).

Plaintiff argues that any delay in the filing of her motion was the result of her awaiting final action by the bankruptcy court regarding her claims. Indeed, the earliest that Plaintiff could have filed her motion was April 8, 2008. Although Plaintiff filed her motion approximately two months later, Defendant cannot claim to be significantly prejudiced by this delay since it has been on notice that Plaintiff intended to personally pursue her claims since the original motion

for relief under Rule 60(b)(6) was filed on March 13, 2008. Under these circumstances, I conclude that Plaintiff's motion was timely filed under Rule 60(c). I further conclude that exceptional circumstances are present in this case which warrant vacating my Order dated March 5, 2008. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990) ("Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances").

Having concluded that Plaintiff is entitled to relief under Rule 60(b)(6), I need not consider whether Plaintiff is also entitled to the alternative relief that she requested under Rule 59(e).

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Renewed Motion for Relief under Federal Rule of Civil Procedure 60(b)(6) or, alternatively, to Amend Under Federal Rule of Civil Procedure 59(e) [Doc # 11] is GRANTED; and

2. The Court's Order dated March 5, 2008 is VACATED.


Dated: July __18__ , 2008, in Denver, Colorado.

                                      BY THE COURT:

                                        s/Lewis T. Babcock
                                      LEWIS T. BABCOCK, JUDGE